Court, Erie County, Sedita, J.—dismiss causes of action.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ BERNADETTE DiFILLIPPO et al., Individually and as Parents and Natural Guardians of Krystal DiFillippo, an Infant, Respondents-Appellants, v ST. LUKE'S MEMORIAL HOSPITAL et al., Appellants-Respondents.—Order unanimously affirmed without costs for reasons stated at Special Term, Tait, J. (Appeals from order of Supreme Court, Oneida County, Tait, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. CAGGIANO, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Having interposed a defense of insanity, defendant argues on appeal that the People have failed to prove criminal responsibility beyond a reasonable doubt. We disagree. While there was conflicting opinion testimony, the weight to be accorded to expert testimony is a matter for the jury (*Carpino v Baker,* 66 AD2d 201, 204). A review of the record clearly supports the conclusion that the evidence was legally sufficient to support the verdict.

We have reviewed the other points raised by defendant on the appeals and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J.—burglary, first degree, and other offenses.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. CAGGIANO, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Same memorandum as in *People v Caggiano* ([appeal No. 1], 129 AD2d 992 [decided herewith]). (Appeal from order of Erie County Court, Forma, J.—CPL 440.10.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DORE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree. He contends that the court erred in permitting the prosecution to elicit testimony concerning hearsay statements by a police informant, that the court erred in refusing defendant's request to charge a defense of agency and that there was insufficient evidence to establish that the substance obtained from defendant was cocaine. None of those contentions has merit.